## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

**CARL E. MEAD,**

    **Plaintiff,**

**vs.**                                                                                  **No.  03cv1454 JH/WDS**

**JOE R. WILLIAMS, et al.**

    **Defendants.**

## MAGISTRATE JUDGE'S PROPOSED FINDINGS
## AND RECOMMENDED DISPOSITION

This matter comes before the Court on a motion for summary judgment filed by the Defendants. The underlying complaint presents a claim brought under 42 U.S.C. § 1983 by Plaintiff Carl Mead, an inmate at the Lea County Correctional Facility ("LCCF"). Plaintiff claims that he was wrongfully deprived of the materials necessary for him to practice the Wicca religion. The religious materials in dispute include, but are not limited to, tarot cards.

Defendants argue that Plaintiff's complaint should be dismissed in light of the fact that a similar suit relating to the practice of the Wicca religion at LCCF was dismissed on summary judgment. The plaintiff in the other lawsuit was William T. Caudill, and the Court acknowledges that both Mr. Caudill and Mr. Mead practiced the Wicca religion at LCCF. Both suits involved the availability, or lack thereof, of the material, such as tarot cards, necessary to practice the religion.

However, Defendants have not suggested a legal theory that would support a dismissal of this Plaintiff's claim merely because a different Plaintiff's suit was dismissed. Factually, Defendants allege that Mr. Mead has failed to distinguish his claims from those brought by Mr. Caudill. The Court finds, however, that there are significant differences in the two claims.

The primary difference between the two cases is that Mr. Caudill apparently was allowed to have tarot cards in his cell, while Mr. Mead was not.  The Court has reviewed the Martinez report prepared in the Caudill case, and notes that the LCCF provided a common area of worship for the inmates who practiced Wicca.  A deck of tarot cards was provided for the inmates' use at that common area.  However, the use of the cards in the common area was not intended to exclude individually held decks.  (Martinez Report, 03cv755, p. 7)  Additionally, Defendants acknowledged that Mr. Caudill was allowed to keep tarot cards, among other items, in his cell.  (Martinez Report, 03cv755, p. 6)

Mr. Mead, on the other hand, alleges that he was denied possession of a deck of tarot cards within his cell on the ground that they were part of a fantasy-type card game.  Mr. Mead has attached the Defendants' response to his grievance #02-12-28.  In that response, Defendants deny Plaintiff possession of tarot cards based on the conclusion that they are not an essential part of the Wicca religion.  However, three months later Mr. Caudill filed a nearly identical grievance (#03-01-40), and his grievance was granted and he was allowed to possess tarot cards.  Accordingly, the pleadings and evidence before the Court, viewed most favorably to the Plaintiff, establish that Mr. Mead has distinguished his case from that of Mr. Caudill, and has established that there is a genuine issue of material fact such that Defendants' motion for summary judgment should be denied.

### **RECOMMENDED DISPOSITION**

Summary Judgment be denied and Defendants be required to submit a Martinez Report which addresses the factual issues discussed above.

Within ten days after a party is served with a copy of these findings and recommendations, that party may, pursuant to 28 U.S.C. §636(b)(1), file written objections to such findings and recommendations.

/s/ W. Daniel Schneider

**W. DANIEL SCHNEIDER**
**United States Magistrate Judge**